NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO BERNAL-GONZALEZ, | No.   21-323 |
| Petitioner, | Agency No. A206-262-975 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted April 18, 2023**
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,***
District Judge.

Petitioner Fernando Bernal-Gonzalez, a native and citizen of Mexico, applied

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied his applications, and the Board of Immigration Appeals dismissed his appeal. Petitioner petitions for review of this latter dismissal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review Board decisions denying asylum, withholding of removal and CAT protection for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The Board's factual findings are conclusive unless the evidence compels a contrary result. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (citation omitted).

1.      Substantial evidence supports the Board's determination that petitioner is ineligible for asylum. The IJ determined that petitioner could reasonably relocate within Mexico to avoid cartel violence. Petitioner did not challenge this finding on review to the Board, so this Court lacks jurisdiction to hear this argument. *See Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–908 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

Further, substantial evidence supports the Board's determination that petitioner failed to show that future persecution will be inflicted on account of his

2

family membership. An asylum applicant must establish that he experienced or has a well-founded fear that he will experience persecution *on account of* his race, religion, nationality, political opinion or membership in a particular social group. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1101(a)(42). Here, petitioner did not provide evidence that the cartel targeted his family because they were members of that particular family; rather, he testified that the cartel was motivated by a desire for money, which has no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (reasoning that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to protected ground"); *see also Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (explaining that a fear that individuals will be targeted because of belief that they or their family have money is not sufficient to establish connection to a protected statutory ground).

2.      Substantial evidence also supports the Board's decision to deny petitioner's application for withholding of removal. The Board affirmed the IJ's denial of petitioner's application for withholding of removal, basing its affirmance in part on petitioner's failure to show that his family membership will be a reason for any future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017).

Petitioner has not satisfied the nexus requirement for withholding of

3

removal. Petitioner merely showed that generalized criminal violence has harmed his family members to the same extent that it has harmed other Mexican citizens. The Board correctly noted that criminal violence and general country conditions of upheaval and unrest do not provide a nexus to a protected ground. *See Zetino*, 622 F.3d at 1016.

Further, because petitioner did not raise the issue on appeal to the Board, we lack jurisdiction to review his argument that the Board erred in determining that he could reasonably relocate within Mexico.

3.      Substantial evidence supports the Board's decision to deny petitioner's application for protection under CAT. Petitioner conceded that his risk of kidnapping and torture is a risk that many Mexican citizens face and that his family is not particularly targeted. Evidence of generalized violence is insufficient for petitioner to establish eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (explaining that "generalized evidence of violence and crime in Mexico" is insufficient to show petitioners more likely than not will be tortured). Further, petitioner does not argue that any future torture will occur with the consent or acquiescence of a public official.

4.      We deny petitioner's request to remand so that he may pursue an application for cancellation of removal. *See* 8 C.F.R. § 1003.2(a) (a new application can be pursued through a motion to reopen with the agency).

4

5.      The motion for a stay of removal, Dkt. No. 2, is denied as moot.  The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**